IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN SMITH,** | : | CIVIL ACTION NO. 1:23-CV-134 |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| **LIEUTENANT JAMES HENDRICK**, | : | |
| | : | |
| **Defendant** | : | |

| | | |
|---|---|---|
| **JOHN SMITH,** | : | CIVIL ACTION NO. 1:23-CV-403 |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **CAPTAIN KASAKOWSKI**, | : | |
| | : | |
| **Defendant** | : | |

| | | |
|---|---|---|
| **JOHN SMITH,** | : | CIVIL ACTION NO. 1:23-CV-857 |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **PENNSYLVANIA DEPARTMENT OF CORRECTIONS,** *et al.*, | : | |
| | : | |
| **Defendants** | : | |

**MEMORANDUM**

The above captioned cases are prisoner civil rights cases filed pursuant to 42 U.S.C. § 1983 in the last six months by John Smith, an inmate in the Waymart State Correctional Institution ("SCI-Waymart"). We have conducted a mandatory review

of the complaints under 28 U.S.C. § 1915(e)(2)(B)(i) and have determined that they are malicious.  All three cases will be dismissed with prejudice.

I.      **Factual Background & Procedural History**

Smith is a frequent litigant in this district.  In the last two years, he has filed eight cases in the district, six of which are presently before this court.  See Smith v. Geroulo, No. 3:21-CV-1634 (M.D. Pa. filed Sept. 22, 2021) (Mariani, J.) ["Smith I"]; Smith v. Hendrick, No. 1:21-CV-1704 (M.D. Pa. filed Oct. 6, 2021) (Conner, J.) [Smith II"]; Smith v. Morgan, No. 1:22-CV-200 (M.D. Pa. filed Feb. 10, 2022) (Conner, J.) ["Smith III"]; Smith v. Jurnak, No. 1:22-CV-844 (M.D. Pa. filed May 27, 2022) (Conner, J.) ["Smith IV"]; Smith v. Hendrick, No. 1:23-CV-134 (M.D. Pa. filed Jan. 25, 2023) (Conner, J.) ["Smith V"]; Smith v. Kasakowski, No. 1:23-CV-403 (M.D. Pa. filed Mar. 7, 2023) (Conner, J.) ["Smith VI"]; Smith v. IRS, No. 3:23-CV-853 (M.D. Pa. filed May 24, 2023) (Mehalchick, M.J.) ["Smith VII"]; Smith v. Pa. Dep't of Corrs., No. 1:23-CV-857 (M.D. Pa. filed May 24, 2023) (Conner, J.) ["Smith VIII"].

Beginning in November 2022, Smith began making statements threatening litigation against numerous individuals who came in contact with him, including prison officials, opposing parties, opposing counsel, state court judges presiding over his underlying criminal proceedings, district attorneys who prosecuted him in the underlying criminal proceedings, and judges and court staff employed by this

district.  The court reproduces these threats in full below to give the reader a complete picture of Smith's history of threats.[1]

On November 30, 2022,[2] Smith made three threats against opposing parties. First, he stated, "Because this is being CCed to the persons listed below Plaintiff forewarns the defendants now.  If any portion of one of my cases turns out badly for Plaintiff, Plaintiff will be filing a new suit against all of you."  Smith IV, No. 1:22-CV-844, Doc. 27 at 2.  Second, he stated:

> To the defendants, you don't like the 250 plus grievances Plaintiff has filed since being here, imagine this.  Instead of filing grievances to try to resolve Plaintiff's problems, Plaintiff will litigate every single one of them and since you put Plaintiff on grievance restriction that will be very easy since the grievance process is not available to Plaintiff.
> Imagine 250 lawsuits against you and Plaintiff is very happy to file each and every one of them.  In case you haven't figured it out yet, Plaintiff's lawsuits stick.  Primarily because Plaintiff uses your own writing against you as documents and evidence.

Id. at 3.  Third, he stated, "You are going to lose every case Plaintiff filed against you and Plaintiff looks forward to filing many more, merry Christmas."  Id. at 4. Smith additionally threatened a nonparty prison official who supervised one of the opposing parties, "Ms. Lipko, if you do not correct your subordinate, Defendant Jurnak, you will be litigated against.  Plaintiff expects to get his extra law library

---

[1] The court has corrected minor spelling and grammatical errors for the benefit of the reader.  These corrections shall not be noted in the citations following the quotations.

[2] All statements are treated as being made on the date they were submitted to prison officials for mailing in accordance with the prison mailbox rule.  See Pabon v. Mahanoy, 654 F.3d 385, 391 n.8 (3d Cir. 2011).

time and Plaintiff expects a faster response time when Plaintiff sends legal work to the law library to be copied." Id.

On December 31, 2022, Smith threatened three nonparty prison officials. In the first threat, he stated:

> Ms. Kelly, I now take the time to speak to you directly. I do not and I will not tolerate interference with my library time. **You will not do this**. If you do I will file a motion asking Judge Conner to hold you in contempt where you can be fined and/or put in jail.
> Further, I do not and I will not tolerate being spoken to like this or treated like this. I don't treat you like this and **you will not** treat me like this.
> Congratulations, you just got yourself sued and you did it to yourself. I am not like the inmates you are used to abusing. I file grievances, lawsuits and my lawsuits stick. You want to interfere with my rights, not limited to accessing the courts via the library and be abusive towards me, I will write you up in a grievance every time you put a small toe out of line.

Smith IV, No. 1:22-CV-844, Doc. 32 at 5 (emphasis in original). In the second threat, he stated:

> Mr. Space, now I speak directly to you. You have an affirmative duty to intervene and correct the poor behavior of your subordinates. You failed/refused to do so even after I showed the lawsuit I already have in. Congratulations, you got yourself sued and you have no one to thank for it but yourself and Ms. Kelly. You should thank your friend for what she did for you. That's a great friend.

Id. In the third threat, he stated:

> Mr. Lafferty, I now speak directly to you. I do not and I will not tolerate interference with my library time. **You will not do this**. If you do I will file a motion asking Judge Conner to hold you in contempt where you can be fined and/or put in jail.
> Further, I do not and I will not tolerate being spoken to like this or treated like this. I don't treat you like this and **you will not** treat me like this.
> Congratulations, you just got yourself sued and you did it to yourself. I am not like the inmates you are used to abusing. I file grievances, lawsuits and my lawsuits stick. You want to interfere with

> my rights, not limited to accessing the courts via the library and be abusive towards me, I will write you up in a grievance every time you put a small toe out of line. You should thank your friend for what she did to you. That's a great friend.

Id. at 6 (emphasis in original).

On March 13, 2023, Smith made a general threat of litigation against all prison officials:

> Prison officials have nearly unchecked authority because most inmates are afraid to challenge them or do not have the skills to challenge them in court. The courtroom is the only way to challenge their misconduct and most inmates won't challenge them because they fear retaliation or that they won't make parole. This inmate is not a coward and is **going** to call them to task every time they step out of line.

Smith V, No. 1:23-CV-134, Doc. 11 at 3 (emphasis in original).

On April 10, 2023, Smith threatened additional litigation against the judges and district attorneys involved in his underlying state court criminal case, some of whom he had already sued in Smith I, stating, "Plaintiff has informed the defendants he is going to litigate against each and every one of them and has told them exactly how he is going to do so once this conviction is overturned." Smith I, No. 3:21-CV-1634, Doc. 11 at 6-7. Smith continued:

> If these defendants, (the judges and district attorneys), want a war with this Plaintiff, then this Plaintiff will give them one they can't and won't win. Every day Plaintiff sits here because the defendants refuse to move forward with this case is more money in Plaintiff's pocket, more money out of the defendants as this Plaintiff is going to ask the Judge to order that the monetary damages are not to be paid out of the employee liability self-insurance fund, hereafter the E.L.S.I.P. Fund.

Id. at 9.

In the same document, Smith threatened litigation against judges and employees of this district based on what he felt was an unwarranted delay in deciding one of his cases:

> Plaintiff is not sure who to blame in regards to this undue delay. It is an undue delay because this complaint was filed on September 22nd, 2021. The complaint was not responded to by Magistrate Judge Joseph F. Saporito until Approx. 18 months later on March 15th, 2023. This violated Plaintiff's right to due process as Plaintiff is entitled to timely resolution of litigation and Plaintiff is going to litigate against whoever caused this undue delay whether it's the clerk, magistrate judge or judge. I don't care who is at fault, you're going to be sued for this undue delay.

Id. at 2-3. Later, Smith suggested that the judges and employees of this district were conspiring with the judges and district attorneys involved in his underlying criminal case to violate his civil rights and threatened litigation on that basis:

> An 18-month delay in responding is simply not acceptable. This message is to whoever is responsible. Congratulations. You got yourself sued trying to protect your friends, (the defendants). Now I'm coming for you and your assets in a lawsuit. If you think you can violate this Plaintiff's rights and get away with it you are sadly and sorely mistaken.

Id. at 8.

In the midst of these threats, Smith brazenly announced his end goal: "Plaintiff is attempting to acquire money by threatening lawsuits." Smith V, No. 1:23-CV-134, Doc. 1 at 22. Smith further noted: "Threatening lawsuits is the beginning to settlement. It is a statistical fact that over 90% of lawsuits settle." Id. at 25.

Smith has filed three cases that are presently before this court in the six-month period that he has been repeatedly threatening litigation, which the court

6

addresses in the instant opinion.  In the first case, which Smith filed on January 12, 2023 and the court received and docketed on January 25, 2023, Smith alleges that he filed a grievance against prison officials and that defendant Hendrick responded to the grievance by ordering Smith to stop threatening to file lawsuits against prison officials.  Smith V, No. 1:23-CV-134, Doc. 1 at 12-13.  Smith alleges that this order violates his First Amendment right to free speech and his Fifth and Fourteenth Amendment rights to petition the government for redress of grievances as well as various provisions of the Pennsylvania Constitution.  Id. at 13-26.

In the second case, filed on February 28, 2023, and received and docketed on March 7, 2023, Smith alleges that defendant Kasakowski has ordered him to stop sending letters through institutional mail in violation of his First Amendment rights.  Smith VI, No. 1:23-CV-403, Doc. 1.

In the third case, filed on May 24, 2023, Smith alleges that DOC and SCI-Waymart policies requiring inmates to remain silent during daily counts and after lights out violate his First Amendment right to free speech.  Smith VII, No. 1:23-CV-853, Doc. 1 at 13-16.  Smith additionally alleges that SCI-Waymart conducting a staff appreciation day where families of staff members were allowed to tour the facility violated his rights under the Constitution and the Religious Land Use and Institutionalized Persons Act ("RLUIPA") because his family was not allowed to tour the facility on the same terms as staff members' families and because religious services were suspended on the day of the event.  Id. at 16-20.

7

**II.     Discussion**

28 U.S.C. § 1915(e)(2) provides:

**(2)** Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
    **(A)** the allegation of poverty is untrue; or
    **(B)** the action or appeal—
        **(i)** is frivolous or malicious;
        **(ii)** fails to state a claim on which relief may be granted; or
        **(iii)** seeks monetary relief against a defendant who is immune from such relief.

To determine whether an action is malicious, courts must "engage in a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure or harass the defendant." Deutsch v. United States, 67 F.3d 1080, 1086 (3d Cir. 1995). "No better evidence exists" for determining the litigant's motivations at the time of filing the case than "his own words." Donahue v. Dauphin Cnty., 852 F. App'x 630, 632 (3d Cir. 2021) (nonprecedential).[3] Repeated threats of litigation present strong evidence that a plaintiff has filed suit to vex, injure, or harass defendants. Id. at 632-33.

Having reviewed the three cases filed during the relevant period, we will dismiss them with prejudice as malicious. Smith's repeated and explicit threats of litigation over several months provide clear evidence that he has filed the three cases to vex, injure, or harass defendants in hopes that they will agree to monetary settlements with him. No inferences are necessary to draw this conclusion: Smith

---

[3] The court acknowledges that nonprecedential decisions are not binding upon federal district courts. Citations to nonprecedential decisions reflect that the court has carefully considered and is persuaded by the panel's *ratio decidendi*.

has clearly stated that he is "attempting to acquire money by threatening lawsuits," and that "[t]hreatening lawsuits is the beginning to settlement."  <u>Smith V</u>, No. 1:23-CV-134, Doc. 1 at 22, 25.  Smith has also asserted that the cases he has already filed will be followed by many other lawsuits in the future.  <u>See</u> <u>Smith IV</u>, No. 1:22-CV-844, Doc. 27 at 2 ("Imagine 250 lawsuits against you and Plaintiff is very happy to file each and every one of them.").  This attempt to "vex, injure, and harass" defendants "into submission" through voluminous filings and threats of litigation is malicious, and we "strongly reject [Smith's] assumption that he is entitled to use the courts for these purposes."  <u>Donahue</u>, 852 F. App'x at 633.

### III.  <u>Conclusion</u>

We will grant Smith's pending applications for leave to proceed *in forma pauperis* in <u>Smith V</u> and <u>Smith VII</u> and dismiss the above captioned cases with prejudice as malicious.  An appropriate dismissal order shall issue in each of the above captioned cases.

/S/ C<small>HRISTOPHER</small> C. C<small>ONNER</small>
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:   May 26, 2023